IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CR 15-4112 RB

CARLOS TAFOYA, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Tafoya's Pro Se Motion for Compassionate Release, filed on May 24, 2021. (Doc. 352.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

**I.**    **Background**

On November 17, 2016, Tafoya pled guilty to Counts 2 and 3 of a Superseding Indictment charging: (2) distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a); and (3) possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 157; 195; 242.) On March 29, 2017, the Court sentenced Tafoya to 156 months of imprisonment. (Doc. 242.)

Tafoya has served over half of his sentence. His anticipated release date is December 10, 2026. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 25, 2022). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 352.)

1

## II.     Tafoya has not exhausted his administrative remedies.

Tafoya seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Tafoya filed such a request on March 23, 2022, which the warden denied on April 22, 2022. (*See* Docs. 352 at 1; 352-A.) According to the relevant statutory language, because the warden denied the request within 30 days, Tafoya was then required to file an administrative appeal before his request can be considered exhausted.

Courts in this district and across the country are divided on how to interpret the "30-day lapse" language in § 3582(c)(1)(A). "Some courts . . . hold that there is sufficient exhaustion as long as 30 days lapse from the date the warden receives a request for compassionate release, period." *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *4 (E.D. Cal. Aug. 17, 2020) (gathering cases). "[O]ther Courts find that the 'lapse of 30 days' language creates in essence a limited futility exception." *Id.* (gathering cases). These courts find that if the warden fails to respond within 30 days of the inmate's request, the inmate may immediately petition the court. *See id.* In a recent opinion entered in *United States v. Bowyer*, 17cr1303, Mem. Op. & Order

(D.N.M. Aug. 12, 2021), the undersigned examined these arguments and "join[ed] 'those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court.'" See *United States v. Madrid*, No. 11-CR-2516 WJ, 2021 WL 1061158, at *1 (D.N.M. Mar. 18, 2021) (quoting *United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423 (D. Me. June 19, 2020)). The Court treats § 3582(c)(1)(A)'s exhaustion requirement as jurisdictional. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020). Because Tafoya filed his motion without pursuing the administrative appeal process, the Court will dismiss it for lack of exhaustion.

**THEREFORE,**

**IT IS ORDERED** that Tafoya's Motion for Compassionate Release (Doc. 352) is **DISMISSED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

3