IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. CR 15-4112 RB

CARLOS TAFOYA, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Carlos Tafoya Jr.'s Pro Se Motion for Compassionate Release, filed on May 24, 2021. (Doc. 352.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED in part** and **DISMISSED in part**.

**I.  Background**

On November 17, 2016, Tafoya pled guilty to Counts 2 and 3 of a Superseding Indictment charging: (2) distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a); and (3) possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (*See* Docs. 157; 195.) On March 29, 2017, the Court sentenced Tafoya to 156 months of imprisonment, which reflects a statutory mandatory minimum of 10 years. (Doc. 242.)

On September 8, 2017, Tafoya filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied. (*See* Docs. 250; 265.) Tafoya has served over half of his sentence. His anticipated release date is December 10, 2026. See Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 16, 2022). He now asks the Court to reduce his sentence due to the COVID-19 pandemic and his medical conditions. (*See* Doc. 352 at 1.)

Tafoya purports to move for relief under both 18 U.S.C. § 3582(c)(1)(A)(i) and the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. Law 116-136, 134 Stat. 281 (Mar. 27, 2020). (*Id.*) The Court analyzes Tafoya's right to relief under each separately.

## II.   The Court does not have authority to review the denial of home confinement.

"It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home." *United States v. Otero*, No. 1:11-CR-2672-WJ, 2021 WL 39682, at *2 (D.N.M. Jan. 5, 2021) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002)). "The [Bureau of Prisons (BOP)] retains complete discretion to determine where federal prisoners are housed[,]" which includes the "authority to transfer vulnerable inmates to home confinement." *Id.* (citing 18 U.S.C. §§ 3621(b), 3624(c)(2); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010)). "The CARES Act, which Congress passed to address the COVID-19 crisis, vastly increased the BOP's statutory authority in this regard and in fact allows the BOP to 'lengthen the maximum amount of time the [BOP] is authorized to place a prisoner in home confinement.'" *Id.* (quoting § 12003(b)(2), 134 Stat. at 516).

Tafoya requested relief under the CARES Act. He provides two of the inmate request forms that he submitted. (Doc. 352 at 10–11.) On March 20, 2022, he submitted an "Inmate Request to Staff" stating his intent to "appeal Regions decision to denying [his] Cares Act."[1] (*Id.* at 11.) On March 23, 2022, Tafoya filed a "Request for Administrative Remedy" "appealing the Covid Exemption Committee's decision to deny [him] for the Cares Act" because he "meet[s] all the requirements" due to his "multiple medical conditions." (*Id.* at 10.) On April 22, 2022, the Warden issued Administrative Remedy/Response notifying Tafoya that the COVID-19 Exemption Review

---

[1] Tafoya's March 20 appeal was in response to a staff note informing him that "On March 18, 2022, the COVID Exemption Committee returned a decision on your Cares Act application w/the decision of Denied." (Doc. 352 at 11.) Tafoya did not submit any request form that pre-dates the March 20 appeal. (*See id.*)

2

Committee denied his request for "Home Confinement placement under the CARES Act" based on Tafoya's "history of violence, history of resuming criminal activity upon release from custody, and history of violating the conditions of [his] supervised release." (*Id.* at 9.)

"The CARES Act does not empower the courts to order that an inmate's sentence be served in home confinement." *United States v. Johnson*, 849 F. App'x 750, 754 (10th Cir. 2021) (citing *United States v. Read-Forbes*, 843 F. App'x. 131, 132–33 (10th Cir. 2021)). "The unambiguous language of § 3624(c)(2), as modified by the CARES Act, specifies that the BOP—and only the BOP—is statutorily authorized to release prisoners to home confinement." *Otero*, 2021 WL 39682, at *2. "Thus, to the extent [Tafoya] seeks to reverse a possible prior BOP decision denying him placement in home confinement, or asks that the Court consider the request anew, both must be denied because the Court lacks authority to consider his request."[2] *Id.* (citing *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020)).

### III.  Tafoya has not exhausted his administrative remedies under § 3582.

Section 3582 permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The statute "requires exhaustion before a court may consider a motion for compassionate release." *United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021) (citing 18 U.S.C. 3582(c)(1)(A)). "To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63." *Otero*, 2021 WL 39682, at *2 (citing § 3582(c)(1)(A); 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. §

---

[2] Tafoya asserts in his reply brief that "[h]e has NOT petitioned this Court for home confinement." (Doc. 368 at 2.) He specifies in his motion, however, that he seeks relief under § 3582 "*and the CARES Act of 2020*." (Doc. 352 at 1 (emphasis added).)

3582(c)(1)(A))). "Specifically, after an initial denial by the warden, a petitioner 'may appeal . . . through the Administrative Remedy Procedure,' set forth in 28 C.F.R. § 542(B)." *United States v. Martinez*, No. CR 19-1382-004 KG, 2021 WL 3635467, at *1 (D.N.M. Aug. 17, 2021) (quoting 28 C.F.R. § 571.63(a)). "Only after the petitioner's request is denied by the General Counsel or the Director of the BOP does the denial 'constitute[ ] a final administrative decision.'" *Id.* (quoting 28 C.F.R. § 571.63(b)–(c)) (citing 28 C.F.R. § 542.15(a)). "Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion." *Otero*, 2021 WL 39682, at *2.

Here, there is no evidence that Tafoya filed a request for compassionate relief with the warden under § 571.63. "The government has also confirmed with [the] BOP that Tafoya has not filed a request for compassionate release with the warden at La Tuna FCI." (Doc. 367 at 6.) Rather, his requests referenced *only* the CARES Act. (*See* Doc. 352 at 10–11.) Tafoya complains that the Government does not respond to the substantive arguments in his motion but acknowledges that he "requested a transfer to home confinement" in his request forms. (Doc. 368 at 2.) Tafoya "appears to conflate home confinement, which alters the location where an eligible inmate serves his or her term of incarceration, with compassionate release, which alters the length of the incarceration term." *Otero*, 2021 WL 39682, at *1 (citing *United States v. Candelaria*, No. 1:04-CR-75 WJ, 2020 WL 4698510, at *2 (D.N.M. Aug. 13, 2020)). The warden's April 22 Response clarifies that a "COVID-19 Exemption Review Committee" decided Tafoya's request for home confinement (*see* Doc. 352 at 9), an entity which presumably cannot alter the *length* of Tafoya's term of incarceration. Compassionate relief requests under § 3582, on the other hand, are decided initially by the warden. *See* 28 C.F.R. § 571.61(a). Appeals are decided first by the Regional

4

Director and later by the General Counsel. *See* 28 C.F.R. § 542.15(a). Because Tafoya did not specify that he was seeking compassionate relief, his request did not go through the appropriate channels, and he has not exhausted his administrative remedies. In sum, because Tafoya never "mention[ed] compassionate release, § 3582(c)(1)(A), or 'extraordinary and compelling' circumstances" in his request forms, he "necessarily failed to meet the statute's exhaustion requirements." *See United States v. Springer*, 820 F. App'x 788, 792 (10th Cir. 2020). Consequently, the Court dismisses his motion in part.

This dismissal of Tafoya's motion does not preclude him from properly requesting compassionate relief under § 3582 and filing another motion with the Court, should his request be denied. Given Tafoya's lengthy history of drug and alcohol-related convictions, he should be prepared to demonstrate the steps he has taken to deal with addiction issues while incarcerated and his plan going forward if he is eligible for a sentence reduction.

**THEREFORE,**

**IT IS ORDERED** that Tafoya's Pro Se Motion for Compassionate Release (Doc. 352) is **DENIED in part** to the extent that he seeks a decision on his request for home confinement under the CARES Act; and **DISMISSED in part** for failure to exhaust to the extent that he moves for compassionate relief under § 3582.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE